FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 11, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AIDE H., on behalf of J.H., a minor child,<br><br>                    Plaintiff,<br><br>      v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                    Defendant. | No.   1:20-cv-03101-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Aide H., on behalf of minor child J.H., appeals the Administrative Law Judge's (ALJ) denial of J.H.'s application for Supplemental Security Income (SSI) benefits. She alleges that the ALJ erred by (1) not obtaining a case evaluation from an appropriate specialist based on the record in its entirety; (2) improperly rejecting J.H.'s testimony; (3) improperly assessing the Listings and Domains; and (4) improperly evaluation the opinion evidence. ECF No. 14 at 2. Defendant disputes these contentions and asks the Court to affirm the ALJ's determination. ECF No. 15.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. After reviewing the administrative record,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 1

the parties' briefs, and the relevant legal authority, the Court is fully informed. For the reasons discussed below, the Court remands to the Social Security Administration for additional proceedings.

## BACKGROUND[1]

Plaintiff applied for SSI benefits for J.H. in January 2017, alleging an onset date of January 1, 2014. AR 221.[2] ALJ Caroline Siderius held a hearing in April 2019. AR 42. In May 2019, the ALJ determined that J.H. was not disabled and denied the application. The Appeals Council denied Plaintiff's request for review. AR 1. Plaintiff then appealed to this Court. ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In evaluating an application for benefits for an individual under eighteen years of age, the decision-maker uses a three-step sequential evaluation process to determine whether the claimant is disabled. 20

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here. *See* ECF Nos. 11, 14, 15 & 16.
[2] References to the administrative record (AR), ECF No. 11, are to the provided page numbers to avoid confusion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 2

1  C.F.R. § 416.924(a).

2  Step one assesses whether the claimant is engaged in substantial gainful
3  activities. If he or she is, benefits are denied. 20 C.F.R. § 416.924(b). If the claimant
4  is not, the decision-maker proceeds to step two.

5  Step two assesses whether the claimant has a severe medically determinable
6  impairment or combination of impairments. 20 C.F.R. §416.924(c). An impairment
7  or combination of impairments is not severe if it is a slight abnormality or
8  combination of abnormalities that causes no more than minimal functional
9  limitations. *Id.* If the claimant does not have a severe medically determinable
10 impairment or combination of impairments, the disability claim is denied. *Id.* If the
11 claimant does, the evaluation proceeds to the third step.

12 Step three compares the claimant's impairment with a number of listed
13 impairments acknowledged by the Commissioner to be so severe as to preclude
14 substantial gainful activity. 20 C.F.R. § 416.924(d). If the impairment meets or is
15 medically or functionally equal to one of the listed impairments and has lasted or is
16 expected to last for a period of at least twelve consecutive months, the claimant is
17 presumed to be disabled. *Id.* The ALJ's assessment of whether an impairment is
18 functionally equal to a listed impairment is based on six "domains," or "broad areas
19 of functioning intended to capture all of what a child can or cannot do." 20 C.F.R.
20 § 416.926a(b)(1). The six domains are:

  (i)  Acquiring and using information;

  (ii)  Attending and completing tasks;

  (iii)  Interacting and relating with others;

  (iv)  Moving about and manipulating objects;

  (v)  Caring for yourself; and

  (vi)  Health and physical well-being.

*Id.* A child's impairment is functionally equal to a listed impairment if it results in a "marked" limitation in two domains or an "extreme" limitation in any one. *Id.* at § 416.929a(a). A limitation is "marked" if it interferes "seriously" with "[the child's] ability to independently initiate, sustain, or complete activities." *Id.* at § 416.926a(e)(2)(i). A limitation is "extreme" when it interferes "very seriously" with "[the child's] ability to independently initiate, sustain, or complete activities." *Id.* at § 416.926a(e)(3)(i).

## ALJ FINDINGS

At step one, the ALJ found J.H. had not engaged in substantial gainful activity since January 20, 2017, the application date. AR 24.

At step two, the ALJ found that J.H. had childhood-onset fluency disorder, which was severe medically determinable impairment. AR 24. She also determined that he had anxiety disorder and depression, which were nonsevere impairments. AR 24–25.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 4

At step three, the ALJ found that J.H. did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 25. Nor did he have an impairment or combination of impairments that functionally equaled the severity of the listings. *Id.* The ALJ found that J.H. did not have marked or extreme limitations in any of the six domains. AR 29–35.

## STANDARD OF REVIEW

Reviewing courts must uphold an ALJ's disability determination if it applied the proper legal standards and supported its decision with substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The ALJ must base its determination on "more than a mere scintilla" of evidence, *id.* at 1154, but need not support its decision by a preponderance of the evidence. *Molina*, 674 F.3d at 1111. If the evidence supports more than one rational interpretation, and the ALJ has supported its decision with inferences drawn reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Moreover, the Court will not reverse an ALJ's decision if it committed harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

**A.    Case Evaluation from an Appropriate Specialist Based on the Record in its Entirety**

For a disability claim of an individual under eighteen years old, the ALJ "shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual." 42 U.S.C. § 1382c(a)(3)(I). The qualified pediatrician or other appropriate specialist must base their evaluation on the record in its entirety. *Howard ex rel. Wikff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003). The ALJ cannot "construct[] [her] own case evaluation from the evidence in the record." *Id.* Plaintiff argues that the ALJ's reliance on the opinion of Nancy Winfrey, PhD, did not meet her obligations under Section 1382c.[3]

---

[3] The Social Security Administration ("SSA") released Acquiesce Ruling ("AR") 04-1(9), which states that an ALJ may satisfy Section 1382c(a)(3)(I) by relying on either Medical Expert testimony or a State agency consultant in the record. The record must include the qualifications of the State agency consultant and the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 6

Dr. Winfrey is a clinical psychologist. AR 617. Plaintiff argues that child psychology is not a "field of medicine appropriate to [J.H.'s alleged] disability," childhood-onset fluency disorder—namely, his stutter. *See* 42 U.S.C. § 1382c(a)(3)(I); ECF No. 14 at 5. She contends that the ALJ should have engaged a speech therapist to evaluate J.H.'s case. *Id.* Defendant argues that the ALJ's determination centered on evaluating J.H.'s "mental functioning, including his ability to acquire and use information, complete tasks, interact with others, and care for himself." ECF No. 15 at 3. Dr. Winfrey, Defendant asserts, is qualified to offer an opinion regarding J.H.'s ability in those domains. *Id.* Defendant also points out that "Dr. Winfrey testified that she had treated clients who were stutterers and that she [] felt qualified to address that aspect of Plaintiff's functioning." *Id.* (citing AR 51); *cf. Mendoza v. Comm'r of Soc. Sec.*, No. 4:16-CV-05151-EFS, 2018 U.S. Dist. LEXIS 125005, at *9 (E.D. Wash. March 23, 2018) (finding a psychiatrist's testimony insufficient under Section 1382c(a)(3)(I) in a case involving a child born without a left ear where the psychiatrist "repeatedly expressed that he was unable to render an opinion as to most of the record" noting that "it would really take a

---

must explain how they considered their evaluation. AR 04-1(9). Here, Plaintiff argues that there is no evidence that the ALJ relied on the opinions of the State agency consultants. *See* ECF No. 14 at 5 (citing AR 29, 32–33, 34, 71 & 82–83). Defendant does not appear to refute this contention. *See generally* ECF No. 15 at 2–4.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 7

pediatrician or a speech pathologist"). This Court finds that the ALJ based her determination that Dr. Winfrey was a qualified specialist in a field appropriate to J.H.'s alleged disability on substantial evidence.

But the Court agrees with Plaintiff that the ALJ did not make "reasonable efforts" to ensure Dr. Winfrey evaluated the record in its entirety. *See* 42 U.S.C. § 1382c(a)(3)(I). After the hearing, Plaintiff submitted additional evidence and documentation. *See* AR 339–66; 620–35. This included J.H.'s September 2017 Stuttering Severity Instrucment-4 (SSI-4) score, which indicated that his stuttering remained "very severe," AR 622, his 2018 school records, which indicated he still needed special education and accommodations, AR 339–47, and his treating physician's finding that J.H. remained markedly limited in completion of oral tasks in April 2019, AR 635. As the record continued to grow, with new and relevant evidence, the ALJ should have made efforts to receive an updated opinion from Dr. Winfrey or another qualified specialist, whether through interrogatories or otherwise. *See Jensen v. Colvin*, 2015 U.S. Dist. LEXIS 34627, at *21–23 (E.D. Cal. Mar. 18, 2015). The ALJ's error is especially significant because of her reliance on J.H.'s supposed improvements. *See* AR 26.

B.  **Assessment of J.H's testimony**

When a claimant is not malingering and has provided objective medical evidence which may reasonably produce the symptoms alleged, an ALJ may reject

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

that claimant's symptom testimony "only by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). The ALJ must "identify the testimony she found not credible" and "link that testimony to the particular parts of the record supporting her non-credibility determination." *Id.* at 494. An ALJ must make sufficiently specific findings "to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations omitted). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

The ALJ discounted J.H.'s testimony as inconsistent because he has "improved over time." AR 26. Plaintiff argues this is insufficient to reject his testimony, and that J.H.'s testimony is not inconsistent with the evidence, even the evidence of any improvements. ECF No. 14 at 6–7. This Court agrees.

The effectiveness of treatment is relevant to the evaluation of a claimant's symptom testimony. 20 C.F.R. § 416.929(c)(3). But the mere fact that a person "makes some improvement does not mean that the person's impairments no longer seriously affect" their functioning. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). The ALJ must consider any improvement "in context of the overall

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 9

diagnostic picture." *Id.* J.H. testified that his stuttering had improved since he was younger, but that his stuttering still affects him. AR 56–59. The ALJ failed to explain how this testimony is inconsistent with the evidence. *See* AR 25–35.

The ALJ also emphasized that J.H.'s stutter affected him most severely when he is anxious or around new people. AR 26–27. Plaintiff argues that this is consistent with J.H.'s testimony and relevant to the ALJ's analysis of the Listings and Domains. ECF No. 14 at 8. For example, Domain 3 states that adolescents, like J.H., should "intelligibly express [their] feelings, ask for assistance in getting needs met, seek information, describe events, and tell stories, in all kinds of environments (e.g., home, classroom, sports, extra-curricular activities, or part-time job), *and* with all types of people (e.g., parents, siblings, friends, classmates, teachers, employers, and strangers)" 20 C.F.R. § 416.926a(i)(2)(v).

The "whole child" approach requires the ALJ to

> begin by considering how the child functions every day and in *all* settings compared to other children the same age who do not have impairments. After [they] determine how the child functions in all settings, [they] use the domains to create a picture of how, and the extent to which, the child is limited by identifying the abilities that are used to do each activity, and assigning each activity to any and all of the domains involved in doing it. [They] then determine whether the child's medically determinable impairment (s) accounts for the limitations [they] have identified. Finally, [they] rate the overall severity of limitation in each domain to determine whether the child is "disabled" as defined in the Act.

SSR 09-1p, 2009 SSR LEXIS 1, at *6 (March 19, 2009) (emphasis added).

Defendant responds that "[t]he mere fact that [J.H]'s stuttering was worse when he was nervous or around strangers does not mean that he had a marked or extreme limitation[] in any functional area." ECF No. 15 at 14. Nor, Defendant contends, does it mean that J.H. had a "serious limitation in communicating" which would render him disabled. *See* 20 C.F.R. Part 404, Subpart P, App'x 1, § 111.09A (stating under the listings, the ALJ needs evidence that a speech deficit causes a "serious limitation in communicating, and a person who is unfamiliar with you cannot easily understand or interpret your speech"). While the Court agrees that the "whole child" approach does not require the ALJ to find J.H. disabled if he has limitations in any activities, it does require the ALJ to consider his limitations in all contexts. *See* SSR 09-1p, 2009 SSR LEXIS 1, at *6.

Although Defendant points to several places in the record to show J.H.'s improvements, the record as a whole appears to show only limited strides. For example, a year before Plaintiff applied for disability benefits, in early 2016, J.H.'s stuttering tested in the "very severe range." AR 321. But at about the time of the application date, early 2017, his individual education plan (IEP) noted only "mild stuttering severity." AR 246. Nine months later, in late 2017, a speech pathologist reported that J.H. was a "health[y] teenager and he plays football and soccer in school" and that his medical and developmental history was "unremarkable." AR 621. In this same evaluation, though, his SSI-4 score indicated that J.H.'s stuttering

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 11

was, once again, "very severe." AR 621–22.

Over a year later, in late 2018, a stuttering evaluation showed "moderate" stuttering and J.H. indicated was "not quite ready yet" to cease accommodations at school. AR 306. The school district at that time also determined J.H. continued to qualify for speech and language therapy, and that his stuttering still "adversely affect[ed] his ability to communicate his academic knowledge, wants and needs in the classroom, with peers, and at home." AR 307. J.H.'s teachers reported that his stuttering did not affect his performance in classes which required little oral participation. *See* AR 305. But his teachers also noted that J.H. "continue[d] to struggle expressing his thoughts and ideas due to his dysfluencies." *Id*. He still stuttered more than ten percent of the time during a speaking task in 2018. AR 306. And he had "[l]imited intelligibility due to initial syllable, word, and phrase repetitions, as well as prolongations." AR 307.

Taken together, the Court cannot find that the ALJ presented clear and convincing evidence for rejecting J.H.'s testimony. The ALJ provided no analysis to support her assertion that J.H.'s testimony was *inconsistent* with the medical evidence. J.H. may have made certain strides, but that does not mean that he does not still experience marked or severe limitations rendering him disabled. The ALJ has not met its "demanding" standard. *See Moore*, 278 F.3d at 924.

//

C.   **Evaluation of the Opinion Evidence**

   1.   **Lay Witnesses**

The testimony of a lay witness alone can never establish disability. 20 C.F.R. § 416.929(a), (b) ("[S]tatements about [a claimant's] pain or other symptoms will not alone establish that [the claimant is] disabled. There must be objective medical evidence from an acceptable medical source that shows [the claimant has] a medical impairment(s)."). And to reject a lay witness's opinion, the ALJ need only cite a "germane" reason for doing so. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)) "Inconsistency with medical evidence is one such reason." *Id.* (upholding ALJ's rejection of symptom testimony by claimant's spouse and friends where inconsistent with objective medical evidence).

   i.   **Plaintiff**

Plaintiff contends the ALJ did not assess the weight owed to her relevant opinion evidence, and thus did not provide "germane" reasons for discounting her testimony. ECF No. 14 at 17. Plaintiff completed a function report, explained that J.H. did not seem to make progress in 2017, gave input for J.H.'s IEPs, and attended treatment visits. *See* AR 227, 262, 314, 332, 370 & 463. Parents provide "important sources of information because they see [the child] every day." 20 C.F.R. § 416.924a(a)(2)(i). An ALJ must explicitly explain why they reject significant,

probative evidence. *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995). Although the ALJ considered Plaintiff's opinion, she erred by not making an express credibility finding. *See, e.g.*, AR 27, 32; *cf. Lewis*, 236 F.3d at 511–512. It is thus unclear to what extent the ALJ credited Plaintiff's testimony.

### ii.  Mr. Ruiz

Plaintiff also contends that the ALJ did not provide a germane reason for refusing to fully credit J.H.'s teacher, Bulmaro Ruiz's, opinion. Teachers can provide insight of a claimant's day-to-day functioning, especially compared with other children without impairments. 20 C.F.R. § 416.924a(a)(2)(ii). The ALJ stated she gave Mr. Ruiz's opinion only "some weight," but agreed that J.H. had "some limitations" interacting and relating to others and acquiring or using information. AR 28. She also credited his opinion as "helpful." *Id.*

An ALJ harmfully errs if she fails to address a source's statements that, if properly credited, would compel disability. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). Mr. Ruiz opined that J.H. suffered "very serious problems," which Plaintiff argues are consistent with at least marked limitations in Domains 1, 3, and 5. AR 249, 251. But the ALJ merely stated that she gave his opinion "some weight." AR 28. The ALJ erred by not providing a germane reason for rejecting Mr. Ruiz's opinion.

//

## 2. Medical Opinions

The Ninth Circuit recognized a hierarchy among the sources of medical opinions, known as the treating physician rule or the treating source rule, for claims filed before March 27, 2017.[4] *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983); *see also* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003). Specifically, the ALJ must articulate "specific and legitimate reasons supported by substantial evidence in the record" in order to "reject the treating doctor's ultimate conclusions" when the treating doctor's opinion was contradicted by another doctor, or "clear and convincing reasons" if it was not. *Lester*, 81 F.3d at 830–31. And "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Id.* at 831. The ALJ must point to other evidence in the record which supports the nonexamining physician's opinion. *Id.*

### i. Dr. Heisey

The ALJ gave "some weight" to Dr. Heisey's two reports in this case. AR 28. Dr. Heisey's first report found that J.H. had marked limitations in Domain 3 and his second report found that J.H. had marked limitations attending and completing

---

[4] The regulations were updated in 2017 to eliminate this hierarchy for new claims. *See* 20 C.F.R. § 404.1520c.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 15

oral tasks, which corresponds to Domain 2. AR 456, 635. The ALJ determined that Dr. Heisey did not adequately explain why J.H. was "so severe" in Domain 3. AR 28. The ALJ rejected his second report because it was only a "check mark" and did not give an explanation or objective findings to support his conclusion. *Id.* Finally, the ALJ questioned why Dr. Heisey noted only the Domain 2 limitations in his second report. *Id.*

Plaintiff argues the ALJ erred in not giving full weight to each report. For the first report, she points to Dr. Heisey's explanation that his Domain 3 assessment was because of J.H.'s difficulties with verbal communication. AR 456. She also argues that the ALJ should not have rejected the checkbox report because the opinion is based on the physician's experience and supported by the record. ECF No. 14 at 19 (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)). Finally, Plaintiff argues that Dr. Heisey's Domain 2 findings were related to a more focused questionnaire, rather than changes in J.H.'s functioning. *Id.*

While it is certainly possible to interpret the record in the way advanced by Plaintiff, the ALJ provided substantial evidence for giving Dr. Heisey's opinion only some weight. It is ALJ's responsibility to resolve ambiguities in the record, which the Court finds occurred here. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). The ALJ reasonably concluded that Dr. Heisey's opinions lacked support from his treatment notes and adequate explanation. AR 28; *see also Burch*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 16

*v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Accordingly, the ALJ did not err in partially rejecting Dr. Heisey's opinions.

### ii. SLP Endrina

The ALJ gave "some weight" to SLP Endrina's findings that J.H. was intelligible fifty to sixty percent of the time when not repeating or rephrasing, and seventy percent of the time after such repetition. AR 27–28. The ALJ noted that SLP Endrina's opinion did not address the childhood function domains. AR 28. And while SLP Endrina observed that J.H.'s stuttering interfered with his ability to understand directions, the ALJ remarked that he "did not explain this observation very well and it is unclear how the claimant's ability to understand instructions would be impacted since the claimant did not have a hearing deficit." AR 31. "An ALJ is not required to take [] opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion." *Ford*, 950 F.3d at 1155. The ALJ reasonably interpreted the evidence to partially discount SLP Endrina's opinion, so the Court cannot find that the ALJ harmfully erred. *See Burch*, 400 F.3d at 680.

### iii. Dr. Patterson

The ALJ gave "limited weight" to Dr. Patterson's opinion, finding it "vague and not well-supported." AR 28. The ALJ also noted that was "unclear" whether Dr. Patterson considered that J.H.'s stuttering was worse around strangers and when

he was nervous. *Id.* Plaintiff contends this is error, because Dr. Patterson reviewed prior IEP documents and completed a full evaluation of J.H. which included narrative reasoning. ECF No. 14 at 20. Plaintiff emphasizes that Dr. Patterson "specifically noted that even getting a complete history was difficult due to JH's stutter and this 'interfered with virtually all aspects of communication,' JH's speech was both 'very slow' and 'laborious,' he could not keep pace with a normal conversation, and this very severe stutter was evident during casual conversation and well-documented by the school." ECF No. 14 at 20–21 (quoting AR 553, 555 & 556). And Plaintiff also notes that Dr. Patterson addressed that J.H.'s stuttering was worse around new people and when he was nervous on the first page of his report. AR 553. This Court agrees with Plaintiff and finds that the ALJ did not support its decision to not fully credit Dr. Patterson's opinion with substantial evidence.

### iv. Dr. Winfrey

Plaintiff argues that the ALJ erred by crediting Dr. Winfrey's opinion because she did not examine J.H., and her opinion is inconsistent with the other opinions in the record. ECF No. 14 at 21. Defendant argues that the ALJ's finding was reasonable but does not provide any argument on how the record supports Dr. Winfrey's opinion. *See* ECF No. 15 at 16. On remand, the ALJ is instructed to give weight to this non-examining source only to the extent that it is consistent with other

evidence in the record. *See Lester*, 81 F.3d at 831.

### D.     Assessment of the Listings and Domains

#### 1.     Listing 112.02

Plaintiff argues that the ALJ erred by failing to properly assess whether J.H. met or equaled Listing 112.02. ECF No. 14 at 15. Dr. Winfrey stated that Listing 112.02 was "more applicable" to disorders where there is a decline in speech. AR 25. But Listing 112.02(A)(4) is met with a clinically significant deviation in normal development *or* a significant cognitive decline from a prior level of functioning in language and an extreme limitation in one or a marked limitation in two areas of mental functioning. 20 C.F.R. Part 404, Subpart P, App'x 1, § 112.02(B)(1)(a).

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis*, 236 F.3d at 512. The ALJ erred by discounting Listing 112.02 without evaluating the relevant evidence.

#### 2.     Domains

As explained above, the ALJ erred in its determination that J.H. did not have marked or extreme limitations in each of the Domains because he showed improvement and because his limitations worsened when he was nervous. The Court thus directs the ALJ to reevaluate J.H.'s limitations in each of the Domains

in accordance with this Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The Clerk's Office shall **ENTER JUDGMENT** in favor of **PLAINTIFF** and thereafter **CLOSE** the file.

4. This matter shall be **REMANDED** to the Social Security Administration for further proceedings consistent with this order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 11th day of May 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 20